Naomi Roden, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

352 S. W. 2d 227.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

H. H. Gearinger, James L. Banks, Chattanooga, for plaintiff in error.

Lyle Reid, Assistant Attorney General, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

Plaintiff in error, Naomi Roden, was indicted on a charge of operating a bawdy house and in the second indictment it was charged that she did unlawfully engage in assignation against the peace and dignity of the State.

Upon her trial she was convicted and fined $50.00 upon the first indictment and $25.00 upon the second indictment. A motion for a new trial was seasonably made and overruled by the trial court and the defendant has now appealed and assigned errors.

The record reveals that on or about February 11, 1961, the Police Department of the City of Chattanooga began an investigation of the operation of the Glenwood Motel, which was located at the intersection of McCallie and Glenwood Avenues in the City of Chattanooga. The defendant Roden lived in this Motel and used it as her home and as a motel and for other business purposes according to the testimony in this record. A police officer, Frank C. Selvidge, observed this motel on several occasions during which time he saw men, alone, in pairs or in small groups and men and women in couples enter the motel at all hours of the night, staying from 30 minutes to 2 hours and leaving. Most of those visiting the motel arrived and departed in cars or taxicabs bearing Hamilton County, Tennessee, license plates. The witness Leonard Haddock, whose residence adjoins the motel in question, substantiated the testimony of said officer and further stated that his family had been disturbed frequently by profane talk and excessive activity around the motel. He further testified that the motel had the reputation in the community of being a bawdy house.

Charles E. Samples, an employe of the Police Department of the City of Chattanooga, at the direction of his superiors, rented a room in the motel from the said Naomi Roden and lived there for 5 days. He signed the register with his correct name and during the time that he stayed in the motel he observed that the defendant was operating a bawdy house and he testified that the defendant told him she "dated" and as a matter of fact, she told him that she was going to fill a date with a particular man who had just entered the motel and had retired to one of the upstairs rooms. The defendant followed this man to this room within a few minutes after he had entered the room. She also told the witness Samples that she could supply any amount of dates wanted by his friends for approximately $15.00 each. Of course, both parties knew and understood the meaning of the word "date". He also testified that he saw women come to the motel and leave the motel escorted and unescorted by men.

On March 11, 1961, the witness Samples brought to the motel two young men, one of whom was a police officer, and they paid the defendant and another woman who was summoned to the motel by telephone call from the defendant, a total of $60.00 as the price for retiring to separate rooms with them. After they had entered the rooms, two police officers who were across the street at the time and who had a search warrant for the motel, entered the motel and entered the bedrooms in which the parties were located and found the defendant completely disrobed and the other woman practically so. They were arrested and the indictments referred to hereinabove were returned by the grand jury and upon the trial the defendant was convicted as charged.

The defendant now complains on this appeal that the court erred in not sustaining her plea in abatement and that the court erred in not directing a verdict for defendant upon the completion of the proof by the State in that the proof showed that the defendant had been entrapped and further that the court erred in not granting defendant's motion for a new trial. Plaintiff in error, defendant, fails to designate which of the grounds of the motion for a new trial should have been sustained by the trial court. Likewise, the plaintiff in error fails to state in what particular the court erred in failing to sustain the plea in abatement. In the brief submitted on behalf of the defendant, it is stated: "The whole of the appellant's argument on appeal stems from and rests upon the fact that she was entrapped."

This Court has held consistently and repeatedly that entrapment is not a defense in Tennessee. The most recent statement was made by the Court in the case of *Hagemaker v. State,* 208 Tenn. 565, 347 S.W.2d 488, 489, as follows:

"It is clearly established that the doctrine of entrapment is not recognized in this State."

In the Hagemaker case the defendant was charged with burglary and the Court held that trespass, an essential element of the crime, was not present. The Court said:

"We think that under the facts in this particular case, these defendants were lured into the commission of the offense by the informer and the superintendent of the cement plant. The record discloses that the defendants were in no sense trespassers on the property of the cement company, but that the cement com-

pany, through the superintendent, was a party to the allurement, and as such the defendants could not be trespassers, which was necessary for the State to show, in the first place, that they were guilty of a felony.''

In other words, in order to be guilty of the crime of burglary, it is necessary to prove a trespass and since the superintendent of the plant lured these defendants into the cement plant, there was no trespass on gaining entrance thereto.

Also in the Hagemaker case, the Court quoted with approval from 22 C.J.S. Criminal Law sec. 45(2), p. 138, as follows:

''One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of 'entrapment.' Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent.''

According to the proof in this case which was evidently believed by the triers of fact, the jury, this defendant had been engaged in the operation of a bawdy house and assignation for sometime. The testimony of the witness Haddock, along with the other facts and circumstances proved independent of and over and beyond the testimony of the police officers and employes, would be sufficient to justify the jury in so finding. The witness Samples, an employe of the Police Department of the City of Chatta-

nooga, but not a policeman, registered at the motel under his own name, gave his correct home address and acted in perfect good faith for the purpose of discovering or detecting a situation that had been going on apparently for sometime according to other witnesses and he in no way induced or lured by deception, trickery or artifice the commission of the crimes charged in the indictment. He did, while acting in good faith, furnish the opportunity for the commission thereof by the defendant who had the requisite criminal intent as evidenced by prior acts and deeds. The police officer went to a public motel where he or any other member of the public were invited to come, registered under his own name, gave his correct street address in the City of Chattanooga, Tennessee, and thereafter engaged the defendant in conversation and found then and there and afterwards that the defendant was engaged in the business charged against her in the indictments.

While counsel for the defendant have studiously, seriously and persuasively insisted that this case should be reversed and dismissed, we are of the contrary opinion and we believe the record in this case amply and fully supports the action of the trial jury in finding the defendant guilty as charged, which action has been approved by the trial court.

Therefore, all assignments of error are overruled and the case is affirmed at the cost of plaintiff in error.