MARILYN EDNA WILLIAMS and JOHN PAUL PHILLIPS,
Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

403 S.W.2d 319.

(*Jackson,* April Term, 1966.)

Opinion filed May 6, 1966.

360

ROBINSON, FISHER & AVERY, Memphis, for Marilyn Edna Williams.

ROBERT BUCKALEW, Memphis, for John Paul Phillips.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Shelby County, Tennessee. The parties will be referred to as they appeared in the trial court; that is, plaintiffs in

error Marilyn Edna Williams, alias "Lynn Snyder", and John Paul Phillips, as defendants, and defendant in error as the State.

On May 28, 1964, the defendants were indicted for feloniously using and employing a certain instrument or instruments suitable for the purpose of producing an abortion with the intent to procure a miscarriage of Elsie Louise Dunavant, a woman, the same not having been done with a view to preserving the life of the said Elsie Louise Dunavant. The defendants were tried on May 3, 1965, and were found guilty as charged in the indictment. The jury fixed the punishment of defendant Marilyn Edna Williams at eleven months, twenty-nine days, and that of defendant John Paul Phillips at six months. Judgment was rendered on May 4, 1965. Judgment was entered in accord with the verdict of the jury. Defendants made a motion for a new trial, which was overruled on July 8, 1965. Defendants have timely perfected an appeal to this Court, and, respectively, assign as error the following:

*Assignments of Error of Defendant Williams*

"Assignment No. 1

The Court Erred in Overruling Grounds I & II of the Motion for New Trial—that the verdict is contrary to the weight and preponderance of the evidence—where a fatal variance exists between the indictment and the proof.

Assignment No. 2

The Court Erred in Overruling Defendant's Motion for New Trial, Grounds I, II and III, where the State failed to offer any proof that the instrument allegedly used by defendant was suitable to produce an abortion.

## Assignment No. 3

The Court Erred in Overruling Ground III of Defendant's Motion for New Trial, based on refusal to grant the motion for directed verdict, for failure of the State to offer any proof the instrument allegedly used by defendant was suitable for the purpose of producing an abortion.

## Assignment No. 4

The Court Erred in Overruling Defendant's Motion for New Trial, Grounds I, II and III, where State's proof showed that police incited, induced, instigated and lured the defendant into committing acts which she otherwise would not have committed.

## Assignment No. 5

The Court Erred in Overruling Ground V of the Motion for New Trial, which complained of the special charge given at the request of Co-defendant Phillips defining 'overt act'.

## Assignment No. 6

The Court Erred in Overruling Ground VI of Defendant's Motion for a New Trial, which complained of improper and prejudicial remarks of the Assistant Attorney General that defendant had committed numerous abortions, there being no such proof.''

*Assignments of Error of Defendant Phillips*

''Assignment No. 1

The Court Erred in Overruling Grounds I, II, & III of the Motion for New Trial.

### Assignment No. 2

The Court Erred in Overruling Defendant's Motion for New Trial Grounds I, II, and III, where the State failed to offer any proof that the instrument allegedly used by defendant was suitable to produce an abortion.

### Assignment No. 3

The Court Erred in Overruling Ground III of Defendant's Motion for New Trial, Based on refusal to grant the motion for directed verdict, for failure of the State to offer any proof the instrument allegedly used by defendant was suitable for the purpose of producing an abortion.''

Most of these assignments of error must be considered in light of the well established law of this State regarding review of criminal cases; that is, that a jury's verdict of guilty, approved by the trial judge, establishes the credibility of the witnesses supporting the verdict, displaces the presumption of innocence that attached to the defendant in the trial court, and raises a presumption of guilt; putting on defendant the burden of showing, on appeal, that the evidence preponderates against the verdict and in favor of the innocence of the accused. *Cooper v. State* (1909) 123 Tenn. 37, 138 S.W. 826, *Holt v. State* (1962) 210 Tenn. 188, 357 S.W.2d 57, *McBee v. State* (1963) 213 Tenn. 15, 372 S.W.2d 173.

■■ Defendant Williams, under assignment of error 1, contends that there is a variance between the indictment and the proof. In support of this contention, the defendant Williams insists that the indictment charges the use of an instrument with intent to procure a criminal miscarriage, while the proof tends to establish that de-

fendant was properly only chargeable under a second provision of T.C.A. Section 39-302, the administering of a substance with intent to procure a criminal miscarriage. This assignment of error is simply not supported by the proof. While the proof establishes that a substance was to be used to produce the miscarriage, the substance was to be administered through an instrument. The testimony of policewoman Elsie Louise Dunavant, contained in the record of this case and which was obviously accepted by the jury, is to the effect that the defendant actually touched her with an instrument which was being used for the purpose of producing a miscarriage. Defendant also argues that the indictment did not give her sufficient notice of the crime with which she was charged. This simply is not supported by the record, as the indictment specifically spells out the crime which the proof supports.

Defendant Williams' assignments of error 2 and 3, and defendant Phillips' assignments of error 2 and 3 urge that the State failed in its proof to offer any evidence that the instrument used by the defendants was sufficient to produce an abortion. According to the testimony of policewoman Dunavant, the defendant Williams said that the instrument to be used, as she would use it, would produce an abortion. It was not necessary that the State prove, absolutely, that the instrument would produce such an effect. It is only necessary for the State to establish that the defendants intended it to have that effect and believed it sufficient to do so. The testimony of policewoman Dunavant certainly provides a basis from which the jury could legitimately infer that the defendants had the requisite intent and that the instruments and substances used by them should and would result in a miscarriage. Even if defendants had established that

the instruments and substances would not produce this result, such would not be a defense if the proper intent and belief were entertained by the defendants. See *Austin v. State* (1916) 137 Tenn. 474, 194 S.W. 383..

██ Defendant Williams' assignment of error 4 urges that the trial court erred in overruling defendants' motion for a new trial, since the State's proof showed that the police induced the defendant to commit the alleged criminal act, which she would otherwise not have committed. In support of this contention, the defendant relies primarily upon the case of *Hagemaker v. State* (1961) 208 Tenn. 565, 347 S.W.2d 488. That case and those below hold it to be clearly established that the doctrine of entrapment is not recognized in this State. See *Thomas v. State* (1945) 182 Tenn. 380, 187 S.W.2d 529, *Hyde v. State* (1914) 131 Tenn. 208, 174 S.W. 1127, and *Roden v. State* (1961) 209 Tenn. 202, 352 S.W.2d 227. The most that can be said of the entrapment doctrine in Tennessee is that it is a means to a defense where the method of entrapment serves to eliminate from the State's case one of the essential elements of the crime sought to be proved. While the evidence in this case indicates that a police informer contacted the defendant, it is also established that the defendant then contacted policewoman Dunavant and offered her services to her. Thus, it would seem that the criminal intent necessary to establish the crime was present in the defendants.

It may also be noted that the testimony of policewoman Dunavant bears the clear implication that defendant Williams was an experienced and professional abortionist. She freely discussed how the prices had gone up for abortions, explained to policewoman Dunavant that there was nothing to worry about, and operated with an

apparently professional set-up, with tools, chemicals, and sedatives.

Defendant Williams' assignment of error 5 is to the effect that the trial court erred in giving a special charge at the request of co-defendant Phillips, defining "overt act". The alleged erroneous instruction reads as follows:

"If you find that the defendant did not execute or commit an overt act; that is an act that goes beyond mere preparation, then the jury must find the defendants not guilty. Mere intent to commit a specific crime is insufficient; there must be an overt act beyond preparation. To find the defendant guilty they must find there was touching of the subject by the defendant. If the jury does not find the touching then the overt act is not committed and both defendants will have to be acquitted."

■ The gist of the argument in support of this assignment is that the trial court has erroneously commented upon the facts; that is, has invaded the exclusive province of the jury to consider the testimony and resolve the fact issues. With this we cannot agree. The charge is proper and conforms with the law of this State as set out in *Dupuy v. State* (1959) 204 Tenn. 624, 325 S.W.2d 238. The holding in *Johnson v. State* (1911) 125 Tenn. 420, 143 S.W. 1134 does not reach the instant case.

■ Defendant Williams' sixth assignment of error urges that the trial court erred in not granting a new trial, because of certain prejudicial remarks made by the Assistant Attorney General. The record shows that the Trial Judge promptly instructed the jury to wholly disregard these comments of the Attorney General. If such instruction did not cure the error, though we think

it did, it would constitute, at most, only harmless error. See *Hambrick v. State* (1944) 181 Tenn. 544, 181 S.W.2d 957.

■ This leaves only for discussion defendant Phillips' assignment of error 1, to the effect that the evidence does not support the verdict. Suffice it to say in answer to this that policewoman Dunavant testified that defendant Williams assured her that there would be someone in the apartment to watch the door. The only other person in the apartment besides Williams and Dunavant was defendant Phillips. The money paid in advance to Williams by Dunavant was turned over to defendant Phillips. It is also established that the defendant Phillips, when defendant Williams shouted that Mrs. Dunavant was a police officer, flushed the marked money down the commode. We believe this, in light of the previously stated rule, supports the verdict of the jury.

The judgment of the trial court is affirmed, with costs against plaintiffs in error.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.