JAMES E. CRUMSEY, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

460 S.W.2d 858.

Court of Criminal Appeals of Tennessee. June 26, 1970.

Certiorari Denied by Supreme Court Nov. 16, 1970.

J. Nelson Irvine, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Richard Ruth, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

HYDER, Judge,

James E. Crumsey was convicted of assault with intent to commit robbery by means of a deadly weapon and sentenced to five years in the penitentiary. His appeal is before this Court.

Three assignments of error have been filed with the defendant's brief and argument. In the Short Statement of the case filed by counsel it is contended that the evidence preponderates against the verdict and in favor of the innocence of the accused.

Gerald Smith, a police officer in Chattanooga, was working with the vice squad as an undercover agent. There had been complaints that patrons were being "rolled" in bawdy houses in the nine hundred block of Houston Street. Officer Smith, in plain clothes, was dispatched to this area, and the vice squad was to follow him about fifteen or twenty minutes later. Upon arriving

at the home of the defendant, James E. Crumsey, and entering from the rear basement door, he made an agreement with two girls for sexual intercourse, and he paid one girl ten dollars and the other fifteen dollars. Each of the girls took the money upstairs to the defendant and then returned to the officer. Shortly thereafter he told the girls that he was a policeman, and that they were under arrest. Upon hearing the commotion downstairs the defendant armed himself with a loaded .45 automatic pistol and went to face the officer. From this point the proof is in dispute. Officer Smith testified that the defendant pointed the pistol at him, cocked it, used some foul language, and ordered him to give him the rest of his money. He stated that he took out his wallet and the defendant grabbed it. The defendant testified that he had the pistol for the protection of his "girls" and that he did not rob the officer, nor did he intend to rob him. He said that he told the officer to give him some identification that he was an officer, that the officer took out his billfold and threw it to him. In any event, while the defendant was holding the billfold and the pistol, the members of the vice squad came through the rear door. The defendant and the girls ran up the steps and tried to go out the front door, but they were met there by two other officers who arrested the defendant.

The theory of the State is that the defendant, by the use of the pistol, robbed Gerald Smith of his billfold and ten dollars in it. The theory of the defendant is that he received the billfold from the officer only for the purpose of confirming his identity.

Other witnesses for the defendant supported his testimony but their credibility was weakened by their incon-

sistent statements concerning what the defendant did with the billfold and what he did with the pistol. Their relationship with the defendant also indicated that they had an interest in the case.

The question of the belief or disbelief of the victim of a crime is a decision which is within the jury's exclusive province. Here it is apparent that the jury believed the victim and not the defendant. This Court must adopt this evaluation of credibility as our own in accordance with established and well founded rules of trial and appellate practice. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768. The trial judge and the jury see the witnesses face to face, hear them testify, and observe their demeanor on the witness stand. They are in a much better position than we are to determine the weight to be given to their testimony; we see only the written record. Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523. A verdict of guilty, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State and establishes the State's theory of the case. We are not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict and in favor of the innocence of the accused. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485. The defendant has not shown us that the evidence preponderates against the verdict and in favor of his innocence.

■ One assignment of error is directed at a portion of the cross-examination of the defendant. The State asked the defendant if he did not enter a guilty plea to receiving and concealing stolen property on June 17,

1969; the stolen property being the pistol that he had in the instant case. He answered the question in the affirmative, and his attorney objected and moved for a mistrial. The record then discloses the following:

"THE COURT: Well, that's part of his record. Let him testify. You may note an exception if you like.

"MR. IRVINE: Yes sir, will you make a note of an exception.

"X62 In Case No. 114757 you pleaded guilty to receiving and concealing this gun?

"A Yes sir.

"X63 Yes sir,

"A And I also pleaded guilty to the charge that I am named in now.

"X64 You're pleading guilty to the charge that you're charged with now?

"A Yeah.

"MR. RUTH: All right, that's all.

"THE COURT: Just a moment. I think your attorney wants to ask you some questions."

On redirect examination counsel for the defendant established that the defendant was not then pleading guilty, but that he was pleading not guilty. Later, on re-cross-examination, the prosecuting attorney attempted to clarify the defendant's previous statement on this matter, and, upon objection being made, the trial judge instructed the jury to disregard the testimony. This portion

of the testimony is now assigned as reversible error by the defendant.

The answer given by the defendant was not responsive to the question of the Assistant District Attorney General, and it was made by him voluntarily. Later, when a clarification of the matter was sought, and counsel for the defendant objected, the trial judge instructed the jury immediately to disregard it. There is no reversible error in this proof. See Williams v. State, 218 Tenn. 359, 403 S.W.2d 319.

 It is contended that the trial judge erred in failing to charge the jury on lesser included offenses as required by T.C.A. § 40-2518. It is argued that the evidence presented at the trial clearly raised an issue as to the defendant's guilt of such lesser included offenses.

Counsel, in his well prepared brief, correctly points out the law of this State which requires that the trial judge must charge the jury concerning lesser included offenses even though no such request is made by the defendant. Strader v. State, 210 Tenn. 669, 362 S.W.2d 224. But our Supreme Court has also held that the statute was not intended to call from the court a charge upon hypothetical cases not suggested by the proof. In Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743, our Supreme Court stated that failure by the trial judge to charge as to all degrees of offenses included in the offense charged in the indictment is not error, where the facts proved clearly do not require it. We believe that the facts proved here clearly do not require instructions to the jury on the law of assault and battery, assault with intent to commit a felony, and simple assault, as argued

by the defendant. We overrule the assignment of error.

■ The trial judge refused to give two special requests for jury instructions on the subject of intent. The refusal is now assigned as error. The State insists that the denial was proper since the judge had fully instructed the jury on this element of the offense. We find the judge's instructions on the element of intent to be proper, and the refusal to give the special requests was correct. See Hall v. State, 200 Tenn. 436, 292 S.W.2d 716.

The assignments of error are overruled and the judgment is affirmed.

We express appreciation to counsel appointed in this case for representing the defendant in a most competent manner.

DWYER and OLIVER, JJ., concur.