**Harry Wayne WADE and Terry Michael Clayton, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Aug. 20, 1975.

Certiorari Denied by Supreme Court Dec. 1, 1975.

Jay Fred Friedman, Memphis, for plaintiffs-in-error.

R. A. Ashley, Jr., Atty. Gen., Memphis, Alex B. Shipley, Jr., Asst. Atty. Gen., Nash-

ville, Michael Whitaker, Dist. Atty. Gen., Preston Parks, Asst. Dist. Atty. Gen., Somerville, for defendant-in-error.

## OPINION

DWYER, Judge.

From a conviction for committing the offense of possessing a controlled substance, see T.C.A. 52-1415, (a)(1)(viii), (a)(1)(xiii), (f), (g), with the intent to sell or deliver with resulting punishment, see T.C.A. 52–1432(1)(B), of confinement for not less than four nor more than seven years, this appeal in the nature of a writ of error by retained counsel has been filed with assignments of error.

The evidence from our reading of this record discloses the following facts.

On February 28, 1974, around 1:30 p. m., an informant overheard a telephone conversation by the plaintiff-in-error, Clayton, hereinafter referred to as defendant. He heard Clayton (a midget) say to the unknown party on the other end, "I've got the stuff, where do you want to meet me." The informant then telephoned the dispatcher of the sheriff's office of McNairy County relating the above information, describing the vehicle that Clayton was in as being a 1973 blue Ford Torino with damage to the right side and the Hardin County license number 54F861, headed west on Highway 64. The informant also advised the dispatcher that a black male would be driving the car accompanied by Clayton and an unknown white female.

The dispatcher notified an agent of the T.B.I. and a deputy sheriff, who were in the sheriff's office, about the above information. These officers left to seek the whereabouts of the Torino and at the same time a broadcast was sent out notifying county officers in the vicinity to stop the car.

The chief of police of Middleton stopped this automobile at the intersection of Highways 57 and 125 on the basis of the broadcast stating the car had drugs in it.

When the T.B.I. agent and the McNairy deputy arrived at the arrest scene, they searched the car and found under the floor mat on the driver's side: a bottle with brown liquid, which was identified as containing Morphine and Codeine, among other substances; three syringes, two with a liquid content which was Morphine; a paper cup with twenty-five yellow tablets identified as Ridlin, which is Methylphenidate. The three occupants were placed in the police cruiser and transported to the city jail at Middleton. The chief, at that time, returned to his squad car. Under the driver's seat he found a plastic package containing a grass substance and another package containing pink, orange and white tablets, later identified as containing Phenmetrazine and two containing Methaqualone.

The defendants Clayton and Wade did not testify and offered no proof.

■ The first assignment of error contended by the defendants is that the indictment is insufficient and improperly drawn. They reason that the substance Morphine and Codeine found in the bottle was paregoric, a Schedule V drug, and, it was alleged as a Schedule II drug in the indictment, which was therefore misleading and duplicitous. The indictment listed Codeine, T.C.A. 52-1415, (a)(1)(viii), Morphine, T.C.A. 52-1415, (a)(1)(xiii), Methaqualone, (g), and Methylphenidate, (f), classified as Schedule II drugs. This assignment was not raised in the motion for new trial and is therefore without merit here, see *Hendon v. State*, Tenn.Cr.App., 489 S.W.2d 271, 274. Further, defects in the indictment are waived if not raised prior to a plea to the merits, see *Slevenson v. State*, 64 Tenn. 681, 683; *Rodes v. State*, 78 Tenn. 414, 417. We find nothing misleading about the indictment. This assignment is overruled.

■ We find no merit in his second assignment. He contends that it was error for the court to refuse to grant random selection for jurors as required by T.C.A. 40 2506. There is no proof that the venire was not selected at random. The evidence

showed that the clerk under the direction of the court prepared lists from the venire to prevent jurors from being called more than once at any particular term of court. In the absence of any prejudice being shown, we find no merit in this assignment. The assignment is overruled.

■ The third assignment of error is that it was error on the part of the court to refuse to hear the motion to suppress pretrial. The court heard the motion to suppress on a full hearing outside the presence of the jury which had been sworn and excused. In the absence of any prejudice we find no error here. This assignment is overruled.

■ The fourth assignment is that the trial judge committed error in refusing to suppress the evidence in the cause both after hearing and at the conclusion of the proof. In other words, was the arrest and search illegal. We think the trial court erred in overruling the defendant's motion to suppress on the evidence that was presented. The evidence reflects that the informant overheard the defendant state, "I've got the stuff, where do you want to meet me." In the absence of other facts and underlying circumstances that "stuff" meant "dope" (narcotics), or such facts as the informant saw narcotics in the car, we think the conclusion, alone, that "stuff" was "dope" as drawn by the informant and related by him to the dispatcher is insufficient to support probable cause so as to justify this warrantless search, see *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *State v. Parker,* Tenn., 525 S.W.2d 128, Jackson, released March 24, 1975. This assignment is sustained and the evidence should have been excluded. In view of our sustaining this assignment, the judgment of the trial court is set aside. The record is remanded for a new trial.

■■ His fifth assignment is that the chain of evidence was broken and it was error for the trial judge to overrule his timely motion for exclusion. We think not. In the first instance, this assignment was not argued in the motion for new trial, see *Hendon v. State,* supra. In the second instance, this assignment is not briefed, see *Miller v. State,* Tenn.Cr.App., 508 S.W.2d 804, 807; Rule 15 of this court. In the third instance, it is a matter that addresses itself to the discretion of the court and his determination will not be overturned in the absence of a clearly mistaken exercise thereof, see *Ritter v. State,* 3 Tenn.Cr.App. 372, 462 S.W.2d 247, 249. From our review, we find no mistaken exercise thereof in this record. This assignment is overruled.

■ His sixth assignment is that it was error to indict and charge defendants for possession of Morphine and Codeine, a Schedule II drug, when the substance in fact was paregoric containing those two items and properly classified under Schedule V. There is no evidence in the record that the substance in the bottle was paregoric, other than a label on the bottle reflecting that literal statement. It is true the toxicologist testified there were other substances in the liquid which were identified. When her testimony reflected this, it hoisted a flag for counsel by his cross examination to develop what he now urges. Whether the Morphine and Codeine was paregoric as classified under Schedule V was a fact question for the jury. Further, we think this is not controlling for there is ample proof to support the verdict on the Schedule II drugs, i. e., Methylphenidate and Methaqualone. This assignment is overruled.

■ His seventh assignment is that it was error for witnesses to discuss testimony between themselves during the trial, and it was error for the sheriff, an obviously inseparable companion of the prosecutor, to go into the jury room during the deliberation. The evidence reflects that the witness-dispatcher had gone into the witness room and stated that she had been asked a question of whether the informant had been paid. We find no error here. There is no proof that the sheriff was in the jury room

during their deliberations, nor is there proof that the sheriff was the inseparable companion of the prosecutor. This assignment is overruled.

■ His eighth assignment is that it was error for the trial judge to allow the expert witness tendered by the state to testify as an expert. He contends the expert toxicologist was only a technician, that she had only superfluous courses in chemistry and could only perform the test using known standards for comparison. Upon objection, the trial court had a hearing out of the presence of the jury on the qualifications of the witness. The evidence at that hearing reflects that she had introductory chemistry courses, a further course in qualitative analysis and a further course in quantitative analysis, two semesters of organic chemistry and one semester of instrumental analysis, and that she was classified by the University of Tennessee as a toxicologist. She was familiar with the theory behind the different tests she used in identifying the different exhibits. We find no merit in this unbriefed assignment, see *Miller v. State,* supra. The determination of who is an expert witness is within the sound discretion of the court, see *Murray v. State,* 214 Tenn. 51, 377 S.W.2d 918, 920. We find no abuse of that discretion here. This assignment is overruled.

■ His last assignment of error is, was it error for the trial judge to deny bail on appeal. We find no error in the trial court denying bail, see T.C.A. 40 3406. This assignment is overruled.

In view of our sustaining assignment of error number four, this record is reversed and remanded for a new trial.

DUNCAN, J., concurs.

JOHN D. TEMPLETON, Special Judge, concurs in separate opinion.

JOHN D. TEMPLETON, Special Judge (concurring).

I concur in Judge Dwyer's opinion but I would add this respecting the second as-

signment of error. I think it was error to allow the clerk to call jurors from the panel to the jury box in whatever order he chose but it was harmless error.

In England the rule concerning selecting jurors from the panel was, " . . . that their names being written on tickets, shall be put in a box or glass; and when each cause is called, twelve of these persons, whose names shall be first drawn out of the box, shall be sworn upon the jury, unless absent, challenged, or excused . . .". Blackstone's Commentaries, Book 3, Page 358. Our statute plainly requires selection of names from the panel by chance. T.C.A. 40–2506. This process is generally used elsewhere in our country. 47 Am.Jur.2d, Jury, Sec. 141.

In the case before us the clerk did not act corruptly or out of any interest or improper motive but merely to divide the work among the members of the panel. It is not shown that challenges were exhausted. Defendants were not prejudiced. I am satisfied the error was harmless beyond a reasonable doubt.