Ronnie Keith BRYANT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 12, 1977.

Jay Fred Friedman, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

TATUM, Judge.

The appellant was convicted in Hardin County of selling lysergic acid diethylamide (LSD) and his punishment was fixed at 5 years imprisonment in the State Penitentiary. We affirm the conviction.

The evidence accredited by the jury reflected that a Criminal Investigator of the Tennessee Bureau of Identification, working "undercover", went to the appellant's home in Hardin County and purchased 50 LSD tablets for the sum of $65.00. A toxicologist testified that the tablets contained LSD.

The appellant testified in his own behalf in which he admitted selling the tablets to the undercover agent, but denied receiving $65.00 for them. (He said that the sale price was $50.00). He was not personally acquainted with the undercover agent but stated that he made the sale because two friends of his told him that this individual was from Memphis and needed some drugs. The appellant said that he went to Memphis and got the tablets only to help out his friends.

█ In his first assignment, the appellant says that the Court erred in allowing the State's toxicologist to testify as an expert. When this witness testified as a toxicologist, the appellant made no objection and we could not consider this assignment, even if it had merit. Tenn.Sup.Ct.R. 14(4); Ezell v. State, 220 Tenn. 11, 413 S.W.2d 678 (1967). However, the witness received a B.S. Degree in Chemistry and has been working for the Toxicology Laboratory at the University of Tennessee for two years. She previously worked as a toxicologist in Missouri. The determination of who is an expert witness is within the sound discretion of the Trial Court. Wade v. State, 529 S.W.2d 739 (Tenn.Cr.App.1975). We find no abuse of that discretion here, and this assignment is overruled.

█ The appellant next says that the verdict was contrary to the evidence and the law. There is no merit in this assignment. The appellant was guilty by his own testimony. The appellant says that the proof established only a "casual exchange", citing State v. Helton, 507 S.W.2d 117 (Tenn.1974). In Helton, the Supreme Court applied subsection (a)(2) of T.C.A. § 52–1432 to the selling of controlled substances and held that a "casual transaction" sale should be treated as a simple possession without intent to sell, a misdemeanor under T.C.A. § 52–1432(b)(1)(2). The sale of a controlled substance is a felony, T.C.A. § 52–1432(a), except for the sale of one-half ounce or less

of marijuana or tetrahydrocannabinols, T.C.A. § 52–1432(a)(3).

The Trial Judge instructed the jury relative to the "casual transaction" holding of the Supreme Court in *State v. Helton, supra*. The jury found the issue in favor of the State and against the defendant, and returned a verdict finding the defendant guilty of selling a Schedule I drug and sentencing him to the minimum imprisonment allowable for that offense. T.C.A. § 52–1432(a)(1)(A). This verdict was approved by the Trial Judge and we will not disturb it unless the defendant shows that the preponderance of the evidence is against the verdict. *Martin v. State*, 542 S.W.2d 638 (Tenn.Cr.App.1976). We do not find that the evidence preponderates against the verdict and Assignment II is overruled.

■■ The appellant next says that, "he did not possess the mens rea to commit this offense due to the creative activity of the undercover officer and his agents". The appellant concedes in his brief that entrapment is not recognized in Tennessee as a defense in a criminal case. *Halquist v. State*, 489 S.W.2d 88 (Tenn.Cr.App.1972). He asserts that the conduct of the police officers was such as to eliminate criminal intent, one of the essential elements of the crime, citing *Williams v. State*, 218 Tenn. 359, 403 S.W.2d 319 (1966); and *Hagemaker v. State*, 208 Tenn. 565, 347 S.W.2d 488 (1961). By the appellant's own testimony, he possessed the necessary mens rea (criminal intent). He testified that he went to Memphis and procured the drugs for the purpose of selling them "to his friends". He admitted selling them to the undercover agent and acquiring them for the purpose of resale to "friends". The fact that the vendee of drugs is a "friend" of the vendor will neither excuse the sale nor lessen the degree of this offense. The Trial Judge instructed the jury fully with regard to the requirement that "intent" is an essential element to a criminal offense. The jury found this issue against the appellant and the finding of the jury is supported by overwhelming evidence. We will not disturb the jury verdict approved by the Trial Judge, it not being against the preponderance of the evidence. *Martin v. State, supra; Judge v. State*, 539 S.W.2d 340 (Tenn. Cr.App.1976). Assignment III is overruled.

■ The appellant next says that the LSD tablets were improperly admitted into evidence. He bases this assignment upon the allegation that there was a break in the chain of custody.

The agent placed the small plastic bag in which the tablets were delivered to him inside a larger plastic bag with an index card. He kept this evidence in a filing cabinet from April 10, 1975, until May 16, 1975, when he personally delivered it to the toxicologist who testified in the case. The toxicologist testified that after the testing was completed, she mailed the evidence by certified mail in a sealed container to the undercover agent. It was received by a secretary at the Tennessee Highway Patrol office and handed to the undercover agent unopened. The undercover agent brought the evidence to court and it was admitted as an exhibit to his testimony.

The appellant cites *Ritter v. State*, 3 Tenn.Cr.App. 372, 462 S.W.2d 247, 249 (1970), which holds:

"Whether the requisite chain of possession has been sufficiently established to justify admission of the exhibit is a matter committed to the discretion of the trial judge and his determination will not be overturned in the absence of a clearly mistaken exercise thereof. [citation omitted]."

Also see *Wade v. State*, 529 S.W.2d 739 (Tenn.Cr.App.1975). We find no mistaken exercise of the Trial Judge's discretion in admitting this evidence and we overrule Assignment V.

■ The appellant next assigns as error the refusal of the Trial Judge to grant the appellant's motion to allow independent testing of the tablets alleged to be LSD.

On November 28, 1975, the appellant filed a motion in the Trial Court for an independent testing of the tablets involved in the case. The motion specified that Expertise

Institute Academy Laboratories of Miami, Florida be allowed to make tests on behalf of the defendant. The Court had previously advised the appellant's attorney at the appellant's arraignment on November 20, 1975, that he could not send the tablets to Expertise Institute Academy for the purpose of testing. This company was not qualified to receive the drugs under Federal law and to send them to that company would be a violation of the Federal Criminal Laws. The Court offered, at that time, to send the drugs to anyone designated by the appellant who qualified under Federal law to receive them. The appellant, through his attorney, took the position that Expertise Institute Academy was authorized to receive the drugs and the Court then offered to send the drugs to this particular laboratory if the appellant's counsel furnished him evidence that this would be legal. The Court again offered to have the drugs sent to any independent toxicologist qualified under law to receive them. The appellant took no further action in the matter, but after the verdict of the jury, the Court again told the appellant's counsel that he could send the alleged LSD to any independent toxicologist he desired as long as no State or Federal law was violated. The Court gave the appellant additional time in which to take action. On January 9, 1976, the appellant's counsel advised the Trial Judge by telephone that there was no other toxicologist to whom he would agree to send the LSD for testing, but requested further time. The Court granted him additional time and did not act on the Motion for a New Trial until March 4, 1976. The case was tried on December 17, 1975.

The appellant filed a letter from Expertise Institute dated January 28, 1976, advising that they had "decided on advice of Counsel to take out a Drug permit as a laboratory". The letter did not state that a drug permit had been granted or actually applied for. There is a letter in the record from the Drug Enforcement Administration of the United States Department of Justice advising that Expertise Institute Academy was not registered with the Drug Enforcement Administration and that there was no application on file which would permit the Expertise Institute Academy to possess any controlled substances.

In *State v. Gaddis*, 530 S.W.2d 64, 69 (Tenn.1975), the Supreme Court held:

"We hold that it was the legislative intent in the enactment of § 40–2044 T.C.A. to permit a criminal defendant to demand and receive a sample or specimen of a controlled substance in order to have an independent analysis made by an expert of his own selection, and at his own expense, *but under such conditions as the trial judge may impose.*" (Emphasis supplied).

We think that the condition imposed by the Trial Judge in this case was certainly reasonable and was in fact, mandatory. The Trial Judge offered the appellant an opportunity to have the alleged LSD examined by any concern so long as no State or Federal law would be violated. The Supreme Court, in *State v. Gaddis, supra,* certainly did not intend that the Trial Judge commit an act or cause officials to commit an act that might be a violation of the laws of the United States. Assignment VI is overruled.

■ The appellant next complains that the Trial Judge charged parole and good time statutes pursuant to T.C.A. § 40–2707, and cites *Farris v. State*, 535 S.W.2d 608 (Tenn.1976), which holds T.C.A. § 40–2707 to be unconstitutional. The sentence imposed upon the appellant was the minimum punishment which the jury could impose for the violation of T.C.A. § 52–1432(a)(1)(A). Therefore, the appellant could not have been prejudiced by the Trial Judge's instruction of these statutes and we overrule this assignment. T.C.A. § 27–117; *Farris v. State, supra.*

Finding no error, we affirm the judgment of the Trial Court.

WALKER, P. J., and RUSSELL, J., concur.