Peter Eugene **SCALF**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 30, 1978.

Certiorari Denied by Supreme Court
May 1, 1978.

---

**3.** See *Morrison v. State*, 212 Tenn. 633, 638, 371 S.W.2d 441, 443 (1963).

James T. Bowman, Johnson City, for appellant.

Brooks McLemore, Jr., State's Atty. Gen., Robert Delaney, Asst. State's Atty. Gen., Nashville, Martha Meares, Pat Widener, Asst. Dist. Attys. Gen., Johnson City, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of selling lysergic acid diethylamide (LSD) and sentenced to serve not less than five (5) years nor more than fifteen (15) years in the penitentiary.

The Appellant attacks the sufficiency of the evidence, the refusal of the trial judge to charge on the defense of entrapment both prior to the offering of proof by the Appellant and after the Appellant rested without offering any proof. He also claims that he was denied equal protection of the law because he was not afforded a bifurcated trial on the issues of guilt and punishment.

The judgment of the trial court is affirmed.

On June 30, 1975, Larry Frye, an agent of the T.B.I., along with an informant named Wilson went to a trailer occupied by the Appellant. After some bargaining, the Appellant sold Agent Frye fifty-one (51) dots of LSD for one hundred and seventy-five dollars ($175.00). A dot of LSD is created by dropping liquid LSD onto blotter paper. The LSD retains its potency in this form and is readily usable by those who are so inclined. No evidence was offered by the accused in this case.

The assignment of error which questions the sufficiency of the evidence is not supported by the record. The only evidence for the jury to consider was the State's evidence which pointed unerringly to the Appellant's guilt. The Appellant has failed to demonstrate that the evidence preponderates against the verdict. *State v. Thompson,* 549 S.W.2d 943 (Tenn.1977).

At the close of the State's proof, the Appellant asked the trial judge to rule upon his request for a charge upon the defense of entrapment as a condition precedent to a determination by him on whether he would testify in the case. The trial judge declined to rule on this request until all the evidence was introduced. The Appellant claims that this placed him in an intolerable position of having to take the stand to show entrapment, which if not recognized as a defense and not given in the charge to the jury, would require him to give evidence of his guilt without the benefit of the defense of entrapment.

Both the State and the Appellant discuss to some extent the law of entrapment in this State. Both concede that it is generally held that entrapment is not a defense in Tennessee. *Hilton v. State,* 503 S.W.2d 951 (Tenn.Crim.App.1973); *Warden v. State,*

214 Tenn. 391, 381 S.W.2d 244 (1964). However, in the cases of *Williams v. State,* 218 Tenn. 359, 403 S.W.2d 319 (1966) and *Hagemaker v. State,* 208 Tenn. 565, 347 S.W.2d 488 (1961), the Supreme Court of Tennessee has established the rule that if the actions of the officer induce a person to commit a crime which he had no intent to commit then he may not be convicted because of the absence of an essential element—intent.

The Appellant has, however, failed to show that he was entitled to the application of the *Williams* and *Hagemaker* rule. At the close of the State's proof there was no evidence to indicate that Agent Frye enticed the Appellant to commit a crime which he had no intent to commit. All the evidence at that point showed the Appellant willing to intentionally violate the law by selling drugs, without any inducement by Frye. Of course, when the defense offered no evidence in contradiction of the State's evidence, the same evidentiary status existed when the trial court instructed the jury.

The trial court is not required to give a requested charge unless the evidence fairly raises the proposition of law sought by the person requesting the special charge. *Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1963). Certainly, the trial judge was not required to give a prospective ruling on a requested charge in order for an accused to trim his sails according to the prevailing winds prior to embarking on his proof. This would require the trial judge to speculate that the evidence would show the matter sought in the special request. In most cases the burden of showing entrapment or the lack of criminal intent by reason of actions by police officers would fall to the accused. The State is not required to show the absence of either. Of course, if the State's proof brought a case within the *Williams* and *Hagemaker* rule, the trial judge would be required to give a proper charge on the issue. The accused was not intolerably or constitutionally deprived of his right to testify or not to testify.

The Appellant claims that because of a unitary trial to find guilt and fix punishment he was denied due process of law. No motion for such procedure was made in the trial court. This is not a claim of a fundamental constitutional defect which may be raised on appeal not objected to in the trial court. *Hill v. State,* 513 S.W.2d 142 (Tenn.Crim.App.1974); *Buchanan v. State,* 2 Tenn.Cr. 398, 454 S.W.2d 178 (1970). Beyond this, to allow a bifurcated trial in all capital cases in which mitigating circumstances may be shown to the jury or judge while a unitary trial is required on not guilty pleas before a jury does not show an irrational or unreasonable classification of procedures which amount to constitutional deprivation as claimed by the Appellant.

The judgment of the trial court is affirmed.

GALBREATH and DUNCAN, JJ., concur.

GALBREATH, Judge, concurring.

I concur in the results reached by the majority.

In doing so, I point out again, as I have numerous times before, that in spite of rulings to the direct contrary our Supreme Court has, in such cases as *Hagemaker v. State, supra,* and *Williams v. State, supra,* recognized that entrapment, where proved, is a valid defense to the charge of committing a crime wherein "the criminal intent or design to commit the offense charged originates in the mind of the person who seeks to entrap accused and to lure him into commission of the crime merely for the purpose of arresting and prosecuting him . . . ." *Hagemaker v. State, supra,* citing, with approval, 22 C.J.S. Criminal Law § 45.

While I must, as charged by the Supreme Court, continue unrealistically to say that Tennessee does not, as do the courts of all other jurisdictions in this Nation, recognize the defense of entrapment, intellectually I cannot distinguish those holdings of our highest Court that do when the facts so warrant. In this case, in any event, the facts do not.