**STATE of Tennessee, Appellee,**

v.

**Raymond Eddie HAWK, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 3, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for appellee.

Gordon Ball, Ball & Dunn, Newport, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was brought to trial on a four count indictment in the Cocke County Criminal Court. He was found guilty on Counts 3 and 4 of the indictment on charges of receiving and concealing stolen property over the value of $200. He was sentenced to serve six (6) years in the penitentiary as a Range I offender.

For his first issue defendant says there was a variance between the indictment and the proof in this case. He seems to say in his brief that the State entered a nolle prosequi on the indictment against him, then procured a second indictment on which they took him to trial. He insists this placed him in double jeopardy.

The first problem defendant faces in establishing these contentions is that we have no record of any first trial before us. All we have are the allegations made in the brief, which of course is not evidence and cannot be considered. As nearly as can be gleaned from this record the jury was unable to reach a verdict on the earlier indictment. A mistrial was declared. The

charges brought against defendant involved the larceny, receiving and concealing of two automobiles. Apparently a question was raised at the beginning of the first trial relating to the ownership of the stolen vehicles as set forth in the indictment. Subsequent to the mistrial the District Attorney General either recommitted the indictment to be amended, or obtained another, which is in actual fact a presentment. The record is too confused for any clear determination of this issue. The trial judge was of the opinion that either of the indictments was good and we are inclined to agree. We are, however, only concerned with the third and fourth counts of the second indictment for the purposes of this investigation. Defendant was found guilty of receiving and concealing a 1979 white Camaro automobile owned by Paul I. Taylor. The vehicle identification number of the automobile was recited in the indictment. The proof at trial substantiated the allegations in the indictment. There was no variance. Defendant says the variance between the first indictment and the State's proof justified an acquittal. The jury could not reach a verdict at the first trial. There was a mistrial which created no impediment to defendant's retrial for the offense.

Defendant says it was error to allow the State to enter a nolle prosequi on the first indictment. There is nothing in this record to show the disposition of that indictment. If it was dismissed, as alleged in defendant's brief, that is precisely the action which should have been taken before moving to trial on Indictment No. 2. If Indictment No. 1 has not been dismissed that action should be taken.

We are told that Indictment No. 1 laid the ownership of the two vehicles involved in the names of Timothy Ray and Scott Taylor in whose possession they were at the time they were stolen. Indictment No. 2, which is in this record, shows the owners of the respective vehicles to be James W. Ray and Paul I. Taylor, to whom the vehicles were titled. They are the respective parents of Timothy Ray and Scott

Taylor. The vehicle identification numbers of both vehicles described in the indictments are included in the description in both Indictment No. 1 and Indictment No. 2. There is no way the defendant could be subjected to double jeopardy under the facts in this case. In *State v. Moss*, 662 S.W.2d 590 (Tenn.1984), our Supreme Court has clarified the policy followed in this jurisdiction to be that before a variance will be held to be fatal it must be deemed to be material and prejudicial. A variance between an indictment and the proof in a criminal case is not material where the allegations and proof substantially correspond, the variance is not of a character which could have misled the defendant at trial, and is not such as to deprive an accused of his right to be protected against another prosecution for the same offense. Unless substantial rights of a defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial rights if the indictment sufficiently informs him of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and if the variance is not such that it will present a danger that he may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error. See *Moss* at p. 592. As we have noted there was no such variance between the proof and Indictment No. 2 upon which this defendant was tried. The issue is without merit.

Defendant says the trial court erred in overruling a motion to suppress because a warrantless search was conducted in the absence of exigent circumstances.

After an extended hearing on a motion to suppress the evidence, the trial court found that a Corvette automobile had been stolen in Knoxville, Tennessee. The theft was reported to the police at 11:29 p.m., on July 7, 1982. The police caught the thief. The thief told the officers he had taken the vehicle to the residence of defendant in Cocke County. He told the officers there was another automobile, a white Chevrolet Camaro, on the premises which he also

believed to be stolen. He told them these vehicles were to be taken to Roanoke, Virginia in the morning. He led the officers from Knoxville to the vicinity of defendant's residence in Cocke County. He told them the red Corvette would be in the garage and the white Camaro would be in the driveway. When the police arrived at defendant's residence it was approximately 4:30 a.m. They were not actually aware they were on defendant's property until they saw the white Camaro standing in plain view. They confirmed it had been stolen. They asked defendant for, and were denied, permission to search. Some of the officers stayed on the scene to prevent the departure of the stolen Camaro. Another officer left to obtain a warrant to search for the red Corvette. When he returned with the warrant some three and one-half hours later, the red Corvette was found in the garage.

██ Defendant insists the officers' intrusion upon his property violated his Fourth Amendment rights. The evidence does not sustain that contention. They were led there by the automobile thief who also had been used in the past by the police as a confidential informant. Information they had received from him previously had been true, accurate, and had led to arrests in at least two cases. It is clear that exigent circumstances existed, as found by the trial judge, which warranted their going on defendant's property, and would have justified an instant search after they came upon the stolen white Camaro automobile. See generally *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564 (1971). Exercising an abundance of caution the officers secured the premises while they obtained a search warrant. Defendant relies on this Court's opinion in *State v. Myers*, No. 81–266–III, Nashville, February, 1982, for his authority that the intrusion on his property amounted to a Fourth Amendment search and seizure. The distinguishing feature between the facts in the *Myers* case and the facts here are the unquestioned existence of both probable cause and the need for immediate action to prevent the departure

of the stolen automobiles from the jurisdiction. The police had not only the fact of the theft, but information from the thief about where the Corvette had been concealed, coupled with the prior establishment of his credibility as a reliable informant on matters of a similar nature. They were informed the cars were to be taken out of State in the morning. Time was of the essence. Having discovered the Camaro, and established it to be stolen, nothing could have been more foolish than to believe the automobiles would have remained at the location where they were found had the police departed the scene. It is not imperative that informants used by the police be infallible. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2335, n. 14, 76 L.Ed.2d 527 (1983). We are satisfied the police here had sufficient exigent circumstances to warrant the temporary seizure of the premises, as well as, under the authority of *Gates*, supra, probable cause for the issuance of the warrant for the search of the property. Moreover, if truly exigent circumstances exist no warrant is required under general Fourth Amendment principles. *United States v. Karo*, —— U.S. ——, 104 S.Ct. 3296, 3305, 82 L.Ed.2d 530 (1984). The issue is overruled.

██ Defendant has charged that the trial judge should have recused himself because of prejudicial comments made by him prior to trial and prior to sentencing. We note at the outset that defendant has not made reference in his brief to the pages of the record where the purportedly prejudicial comments of the trial judge occurred. We also note that he has attached to his brief certain documents including a copy of a motion, an order denying a motion, and a transcript which makes no reference to this defendant. While an appendix to a brief is authorized by T.R.A.P. Rule 28, the rule also sets out a prescribed procedure for making reference to the record. Failure to follow the prescribed procedure must constitute a waiver of an issue which is raised in the manner employed here.

A motion to recuse is addressed to the sound discretion of the trial judge. *In re Cameron*, 151 S.W. 64, 126 Tenn. 614 (1912); *State v. Henderson*, 423 S.W.2d 489, 492, 220 Tenn. 701 (1968). The issue to be determined is not the propriety of the judicial conduct of the trial judge, but whether he committed an error which resulted in an unjust disposition of the case. *Wiseman v. Spaulding*, 573 S.W.2d 490, 493 (Tenn.App.1978). This case was tried before a jury who determined guilt based upon the evidence presented. We find no remarks or actions of the trial judge before the jury, or any expression of opinion which would infer he favored or was against the defendant. See *Leighton v. Henderson*, 414 S.W.2d 419, 420, 220 Tenn. 91 (1967). The court's comments that defendant was a professional criminal were made after conviction, at the sentencing hearing, and were based upon charges in other counties pending against him. In sentencing, any evidence the court deems to be trustworthy and probative may be received, regardless of its admissibility under the rules of evidence. If the evidence is materially false, defendant must attack the reliability, not the admissibility of that evidence. *State v. Cadle*, 634 S.W.2d 623, 627 (Tenn.Cr.App.1982). The issue is without merit.

Defendant next contends the court improperly admitted evidence of other crimes. He fails to mention in his brief the nature of the crimes on which evidence was purportedly admitted. The State points out in its brief that in an oral motion in limine defense counsel mentioned a University of Tennessee parking permit registered to Timothy Ray Miller. Apparently, during the first trial this receipt was introduced, and there was testimony that the receipt was in Mr. Miller's car when it was stolen and it was found by the police in defendant's garage. In this trial, the receipt was introduced as having been found in defendant's garage. There was no mention of Mr. Miller's car or whether it was stolen. The State insists the receipt was admissible to show guilty knowledge or intent under the authority of *Bunch v.*

*State*, 605 S.W.2d 227, 229 (Tenn.1980). Evidence of other crimes may be admissible to show intent to commit the offense at issue in the case on trial if its probative value is not outweighed by its prejudicial effect. See *Bunch* at p. 229. If the defendant here had been convicted of a crime which related to Mr. Miller's vehicle, and the parking receipt was evidence of that crime, it may have been properly admitted. There is no indication from the record whether or not this was so, however, under the circumstances, if any error existed in its introduction it was harmless.

The defendant next argues it was error to allow TBI Agent Haynes to give an opinion concerning the uses of certain punches and dies found in defendant's garage. He cites no authority to support his contentions as required by Tenn.R. Crim.P. 10. No objection was made in accordance with T.R.A.P.Rule 36(a). See *Bryant v. State*, 549 S.W.2d 956, 957 (Tenn.Cr.App.1977). Accordingly the issue is waived although we have examined the record and find it to be without merit. Agent Haynes identified the items and stated he had seen them used to change identification numbers on automobiles. Defendant testified he used the items to put identification numbers on rebuilt car parts for his personal use. Generally speaking, a witness may testify about facts on which he has firsthand knowledge. *State v. Wiseman*, 643 S.W.2d 354 (Tenn.Cr.App. 1982). The decision to admit or exclude evidence is left to the sound discretion of the trial judge and his decision will not be disturbed unless it has been arbitrarily exercised. *Wiseman*, supra at 364. The testimony was admissible.

Defendant contends the court erred in allowing the State to establish guilt by association with an individual by the name of Leonard Hutchinson who was an associate of defendant's and was incarcerated at the time of trial. In examining the record we find it was defendant who brought up the name of Hutchinson. The jury was instructed that Mr. Hutchinson

was not anyone's witness and they were not to be concerned about the reliability of any person not on the witness stand. We find this issue to be without merit.

■■■ Defendant complains of the jury instruction in reference to an inference which arises from the possession of recently stolen goods. He argues correctly that it is improper to instruct a jury that a presumption of guilt arises, that if unexplained, is conclusive, or any words of similar import. He charges the trial court instructed the jury that guilt could be inferred merely from the possession of recently stolen goods, and says the court did not instruct the jury that this presumption was not in any sense conclusive.

■■■ The jury instructions given in this case are included in the record. While it is possible to look at some phrases or clauses in isolation and reach the conclusion defendant has drawn in this case, it is the obligation of a jury, as instructed by this trial judge, "to consider each instruction in connection with all the other instructions and in the light of the proof." The jury instructions in this case were extensive about inferences which may be drawn by the jury. The import of the instructions in that regard was that guilty knowledge must be shown by direct evidence, or might be established by inference when the circumstances surrounding the receipt of the property were such as would charge a reasonable person with notice or knowledge, or put a reasonable person upon inquiry which, if pursued, would disclose its stolen character. The jurors were told it was for them to determine whether such an inference was proper and if proper, how much weight it should receive. They were instructed that in making this determination they were to look to any explanation given or any explanation apparent from the evidence. The judge further instructed them that if they found beyond a reasonable doubt from the evidence, that the property in question had been stolen and that soon thereafter, the same property was discovered in the exclusive possession of the defendant, this possession, unless satisfacto-

rily explained, is ordinarily a circumstance from which they might reasonably draw an inference that the defendant had knowledge that the property had been stolen. They were specifically told they were never required to make this inference and that it was their exclusive province to determine whether the facts and circumstances shown by the evidence in the case warranted any inference which the law permitted the jury to draw from the possession of recently stolen property. The instructions explicated that when evidence is offered that a defendant was found in possession of recently stolen property, he had the right to introduce evidence that he came into possession of the property lawfully, or possession may be satisfactorily explained through other circumstances or other evidence, independent of his testimony or evidence offered by him. The jury was informed at least seven times that it was the State's burden to prove the defendant's guilt beyond a reasonable doubt. They were informed at least four times that it was their duty to determine the weight to be given any inference which could be drawn, and that it was their exclusive province to determine whether the facts and circumstances warranted any inference. We conclude that no reasonable jury could have interpreted the challenged instructions to be mandatory, or conclusive, or shifting to the defendant the burden of persuasion. See *State v. Bolin*, 678 S.W.2d 40 (Tenn.1984).

Defendant says it was error for the trial judge to instruct the jury that clear and convincing evidence of other crimes could be considered. He then goes on to argue such an instruction is in direct contravention with the principle that the State has the burden of proving guilt beyond a reasonable doubt.

■■■ We note, first of all, defendant cites no authority in support of his position. This issue has been waived. T.R.A.P. Rule 27(a)(7); *State v. Scott*, 626 S.W.2d 25, 28 (Tenn.Cr.App.1981); *State v. Eberhardt*, 659 S.W.2d 807, 811 (Tenn.Cr.App.1983). Moreover, defendant's interpretation of the

principle of reasonable doubt in conjunction with the jury instruction as delivered is totally erroneous. After properly instructing the jury on the law of circumstantial evidence, in the course of which the jury was expressly advised they must be satisfied of defendant's guilt beyond a reasonable doubt the trial judge then delivered the following instruction on evidence of other crimes:

"If from the proof you find that the defendant has committed a crime other than that for which he is on trial, you may not consider such evidence to prove his disposition to commit the crime for which he is on trial. The evidence may only be considered by you for the limited purpose of determining whether it proves (1) motive, that is, such evidence may be considered by you if it tends to show a motive of the defendant for a commission of the offense presently charged; (2) the defendant's intent, that is, such evidence may be considered by you if it tends to establish that the defendant actually intended to commit the crime with which he is presently charged. The evidence may be considered for this purpose only. The evidence must be clear and convincing before you may consider it even for this limited purpose. It may not be considered to reflect on the character of the defendant. If it has any value, which you alone must determine, it may only be considered for the limited purpose of determining intent. You may not presume or infer that the defendant is probably [guilty] of this offense merely because there is present clear and convincing evidence. If you should find there is, that another offense of a similar nature was committed about the same time, you are reminded again that the defendant is presumed innocent and the burden of proof is on the State to prove every element of the offense including the specific intent already defined...."

■ The questioned instruction properly states the purposes for which evidence of other crimes may be considered. To be consistent with due process, the other crime must be rationally connected with the crime charged, but need not be proven beyond a reasonable doubt. *Manning v. Rose*, 507 F.2d 889, 894 (6th Cir.1974).

■ There was no error in the denial of probation. It is apparent at the sentencing hearing that the trial judge considered the various factors including the appropriate sentencing alternatives in the Criminal Sentencing Reform Act to determine the specific sentence to be imposed on the defendant. He found defendant to be engaged in pervasive criminal activity in a professional capacity which it was the court's duty to inhibit by placing him in incarceration. In considering the evidence at trial he found that evidence indicated defendant was engaged in a livelihood of processing stolen vehicles. It was obvious from the trial court's findings that he did not intend to place defendant on probation. Defendant was not entitled to probation under the circumstances of the case. He has failed to carry the burden required of him to establish suitability for probation and we find no abuse of discretion.

The judgment of the trial court is affirmed.

WALKER, P.J., and DWYER, J., concur.