IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## STATE OF TENNESSEE  v. JAMES GREG ECHOLS

**Direct Appeal from the Circuit Court for Madison County**
**No. 98-914     Franklin Murchison, Judge**

---

**No. W1999-02394-CCA-R3-CD - Decided June 28, 2000**

---

The defendant appeals the trial court's dismissal of his appeal from the general sessions court and alleges that he should be excused from serving a 1993 DUI incarcerative sentence on the basis that the sentence has expired. The trial court's dismissal of the general sessions appeal is affirmed.

**Tenn .R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which SMITH, J., and WEDEMEYER, J., joined.

Marcus M. Reaves, Jackson, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter, Mark E. Davidson, Assistant Attorney General, James G. (Jerry) Woodall, District Attorney General, Donald J. Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, James Greg Echols, appeals the Madison County Circuit Court's dismissal of his appeal from the general sessions court in that county.  The defendant asserts in his brief that on May 19, 1993 he was convicted in general sessions court of driving under the influence and  received a six months sentence to be suspended after serving fifteen days in confinement.  The record on appeal reflects that on November 4, 1998, he moved the general sessions court to suspend the fifteen-day sentence, and the court denied the motion on December 16, 1998.  The defendant appealed this ruling to the circuit court which dismissed the appeal on August 13, 1999.  It is from this latter order that the defendant now appeals.  After a review of the briefs, the law,  and the record on appeal, we affirm the trial court's dismissal of the general sessions court appeal.

The defendant's brief reflects that the gravamen of his complaint is that, when he was convicted of DUI in 1993, he "was told <u>not</u> to report to serve his sentence at the jail" until so instructed by the sheriff. (Emphasis in defendant's brief.)  The brief further alleges that the sheriff's

office did not instruct the defendant to report until 1998, at which time, he argues, his sentence had expired. Citing State v. Walker, 905 S.W.2d 554 (Tenn. 1995), he argues in his brief that his general sessions court motion to suspend the fifteen day sentence was an attempt to avoid incarceration which was unlawful due to the expiration of his sentence.

At the outset, we must state that the record does not support factually the defendant's claims. First, the record does not reflect that the defendant received a DUI conviction nor that he was ordered to be incarcerated. The circuit court clerk's technical record on appeal reflects no DUI conviction, although it does contain a copy of a general sessions court citation and a conviction order for speeding, upon which the defendant pleaded guilty and was fined $10.00. Second, the defendant's appellate allegations about his DUI incarceration being postponed by the sheriff's office are not reflected in the record, nor is his claim that the sheriff did not notify him to report to the jail to serve his sentence until 1998. Furthermore, the record does not reflect that any evidentiary hearing was held in either lower court pursuant to the 1998 motion, and no transcript of any hearing appears in the appellate record. The record does reflect that the circuit court dismissed the general sessions appeal on August 13,1999 because the "defendant . . . failed to appear and present his appeal" at the hearing scheduled for August 10, 1999.

We point out that allegations made by counsel in an appellate brief are not evidence. State v. Keller, 813 S.W.2d 146, 150 n. 4 (Tenn. Crim. App.1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988): State v. Hawk, 688 S.W.2d 467, 469 (Tenn. Crim. App. 1985). Furthermore, it is the duty of an appellant to ensure that the appellate record contains all of the evidence and trial court records relevant to the issues which are the bases of appeal. Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). In the absence of such a record, the affected issues are waived. State v. Oody, 823 S.W.2d 554, 559 (Tenn. 1991). "In the absence of an adequate appellate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Id. In addition, the defendant has failed in his appeal to address the reason the trial court gave for dismissing the general sessions appeal. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b).

In this case, the record reflects that the trial court dismissed the defendant's appeal from general sessions court because the defendant failed to appear and prosecute his appeal in the trial court. The record provides no basis for concluding that the trial court erred.

In passing, we recognize that the defendant *may* have a claim for relief from his incarcerative sentence. Contrary to the defendant's assertion in his brief, however, such a claim would not be based upon State v. Walker, in which our supreme court granted *habeas corpus* relief to similarly situated defendants. Walker, 905 S.W.2d at 557. Walker applies only to convictions imposed after the date that opinion was filed (August 14, 1995) and to cases then in the appellate pipeline in which the issue had been raised. Id. Hence Walker would not apply to the defendant's 1993 conviction. Rather, the defendant's claim, if any exists, may lie within the purview of the post-conviction relief act. A panel of this court has recently held that a defendant similarly situated to Echols was not barred by the one-year post-conviction statute of limitations pursuant to the

-2-

"Burford-Sands" doctrine and that, based upon a theory of waiver of jurisdiction and the principle of due process of law, she was due "post-conviction relief from the execution of her sentence." Jennifer Kelly v. State, No. W1999-01047-CCA-R3C0, slip op. at 7-10 (Tenn. Crim. App., Jackson, Mar. 7, 2000). See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (holding that in certain situations due process precludes the strict application of the post-conviction statute of limitations); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995) (announcing a three-step process for analyzing a Burford claim). We express no opinion about the merits of a claim the defendant might have pursuant to Jennifer Kelly. We do not even know the facts of the defendant's case because no evidentiary hearing was held and none of the pertinent facts were before this court on appeal. Nevertheless, we understand the defendant's objective and make him aware of the holding in Jennifer Kelly.

That done, we affirm the judgment of the trial court.